### TEXAS UTILITIES ELECTRIC COMPANY, Appellant,

v.

### AETNA CASUALTY & SURETY COMPANY, Appellee.

### No. 05–89–00023–CV.

Court of Appeals of Texas, Dallas.

March 5, 1990.

Rehearing Denied April 19, 1990.

Larry M. Lavender, Dallas, for appellant.

Larry R. Wright, Dallas, for appellee.

Before ENOCH, C.J., and STEPHEN F. PRESLAR[1] and JACK SMITH,[2] JJ.

ENOCH, Chief Justice.

Texas Utilities Electric Company (TUEC), appeals the trial court's order granting summary judgment against it in its suit on a surety bond against Aetna Casualty & Surety Company (Aetna). In its first point of error, TUEC contends that the trial court erred in granting Aetna's motion for summary judgment because the summary judgment evidence did not establish as a matter of law that Aetna had complied with the cancellation requirements of the surety bond. In its second point of error, TUEC claims that the trial court erred in failing to grant TUEC's motion for summary judgment because Aetna's liability as surety on the bond was established as a matter of

---

**1.** The Honorable Stephen F. Preslar, Chief Justice, retired, Court of Appeals, Eighth District of Texas at El Paso, sitting by assignment.

**2.** The Honorable Jackson B. Smith, Jr., Justice, retired, Court of Appeals, First District of Texas at Houston, sitting by assignment.

law and Aetna failed to properly cancel its obligation. We disagree, and for the reasons given below, we affirm the judgment of the trial court.

On September 30, 1983, Allen Bowl, Inc., as principal, and Aetna, as surety, furnished TUEC a bond in the sum of $8,000 covering a contract by Allen Bowl, Inc. to purchase electrical power from TUEC for Allen Bowl, Inc.'s business premises located in Allen, Texas. The bond obligated the surety for a period of five years beginning on September 30, 1983, and provided that the surety's obligation could be terminated sixty days after receipt by TUEC of the surety's written notice of cancellation. Under the terms of the bond, the notice of cancellation was to be sent to the TUEC office in Allen, Texas. By letter dated August 10, 1984, Aetna notified TUEC of its intent to cancel the bond issued to Allen Bowl, Inc., effective on the sixtieth day following the receipt of such letter by TUEC. The letter sent by Aetna was addressed to TUEC, P.O. Box 498, Mesquite, Texas 75149. This notice letter was delivered to an authorized agent of TUEC at its Mesquite office on August 16, 1984. Aetna did not send notice of cancellation to any TUEC office located in Allen, Texas. Certain electrical services, supplied by TUEC to Allen Bowl, Inc., during the period of January 1, 1986, through May 8, 1986, went unpaid. TUEC sued Aetna as surety on the bond and then moved for summary judgment. In response, Aetna filed its own motion for summary judgment on the ground that its notice of cancellation, although not sent to a TUEC office in Allen, was sufficient because the mailing to and receipt at TUEC's Mesquite office constituted actual notice and thus substantial compliance with the terms of the bond. Since the unpaid balance accrued well after sixty days after receipt by TUEC of the notice of cancellation and because the trial court found that TUEC had actual notice of the cancellation, the trial court denied TUEC's motion for summary judgment and granted Aetna's motion for summary judgment.

TUEC contends that the language in the bond is clear and unambiguous and asks this Court to strictly construe that language to hold that the only legally sufficient notice is notice sent to the TUEC office in Allen, Texas. TUEC misses the point. The issue is not strict *construction* of the language in the bond. No party to this case argues that the language in the bond is ambiguous. The issue is one of strict *compliance*. Succinctly, was Aetna's attempt to cancel its obligation under the bond ineffective because, irrespective of actual notice, it failed to mail its notice to TUEC at Allen, Texas.

Clearly, the naming in the bond of a location where notice should be mailed was made to make sure that TUEC actually received the notice of the cancellation. However, TUEC has admitted that its Mesquite office received the notice of cancellation, and that such notice was received by an authorized agent of TUEC at that office.[3] The notice specifically set out the bond number and that Aetna considered the bond cancelled as of the sixtieth day after receipt by TUEC of the notice. The cancellation notice also established that the bond being cancelled was the bond covering Allen Bowl, Inc. in Allen, Texas. It is settled that in a suit between a corporation and one with whom an officer or agent of that corporation has had dealings, the company is considered to have had knowledge of all facts that were known to its representative. *Murray Co. v. Dobbs*, 56 S.W.2d 233, 235 (Tex.Civ.App.—Amarillo 1933, no writ); *see Wellington Oil Co. of Delaware v. Maffi*, 136 Tex. 201, 207, 150 S.W.2d 60, 63 (Tex.Comm'n App.1941, opinion adopted) (holding that a principal, whether a corporation or natural person, is not affected by notice which comes to the agent or officer unless such knowledge came to him while he was transacting the business of his principal). TUEC had actual notice.

Regarding strict notice compliance, the bond itself does not give a specific address in Allen, Texas, where such notice can be mailed. The bond states: "The obligation

---

**3.** TUEC's answers to AETNA's requests for admissions 2, 3, and 4.

of the Surety may be terminated ... after receipt by [TUEC] of Surety's written notice of cancellation sent by ... certified mail ... addressed to [TUEC's] office at Allen, Texas.... The notice requirements of the bond cannot be met without going beyond the four corners of the document to find TUEC's address. TUEC cannot ask this Court to enforce strict compliance under the terms of the bond concerning notice of cancellation when it has failed to provide a specific address in the bond to which notice can be sent.

In *Barbier v. Barry,* 345 S.W.2d 557 (Tex.Civ.App.—Dallas 1961, no writ), this Court examined a contract which required written notice of cancellation to be sent by registered mail. Although the notice was sent and received, it was not sent by registered mail. It was claimed that because the notice of cancellation had to be sent by registered mail, the notice was not effective. Like the case before us, there was no question that the notice was sent and received. We held that the notice was effective and in substantial compliance with the terms of the contract. *Id.* at 562. The notice letter sent in the *Barbier* case did not comply with the strict requirements of the contract, but the Court looked to the actual receipt of the notice to find that the requirements of the contract had been met. Following the lead of *Barbier,* we hold that the notice of cancellation sent to and received by TUEC at its Mesquite office substantially complied with the terms of the contract as a matter of law. TUEC's first and second points of error are overruled. The judgment of the trial court is affirmed.

STEPHEN F. PRESLAR, J., dissents.

## OPINION

STEPHEN F. PRESLAR, Assigned Justice, dissenting.

I respectfully dissent. I would reverse the judgment of the trial court and render judgment for TUEC on its motion for summary judgment.

I agree with the majority opinion that the issue is not one of contract construction but is one of compliance. Therefore, it being undisputed that the bonding company did not send notice to "Allen, Texas," we should hold that there was not compliance. To do otherwise, we must indulge in contract construction and construe the matter of notice to mean that the parties meant a broad form of notice, notice to any office of TUEC, not necessarily the office they specified. As we say in our majority opinion, "Clearly, the naming in the bond of a location where notice should be mailed was made to make sure that TUEC actually received the notice of the cancellation." Were we free to speculate, we could construe their reason to be that notice should go to the office whose personnel were supplying the customer, Allen Bowl, Inc. in Allen, and were ever aware of the condition of its account. There being no contention that the contract is ambiguous, and both parties having moved for summary judgment, I would hold that the trial court and this Court are without authority to change the exact contract language to measure compliance. We cannot ignore the words used, TUEC office at "Allen, Texas." To do so deprives the parties of a right to contract for a place of notice; we are telling them that they cannot name a specific place and be bound by it; and if you are a corporation, you are further deprived because the courts will hold that notice to any of your agents will suffice.

Under my view of this case, the sufficiency of the address, "Allen, Texas," is not before us and would not arise unless an attempted delivery had failed. If speculation were permitted, I would bet that the postman could find the only electric utility in Allen.

The case of *Barbier v. Barry* should not be binding on this Court, for it was not a summary judgment ruling based on an unambiguous contract; there, the contract wording alone was not relied on, other evidence was presented, and a fact question of substantial compliance was resolved by the court. Here, we have no evidence on the question and are not permitted to go outside the language of the unambiguous con-

tract on which both parties seek summary judgment.

I would reverse and render.